IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 01-cv-00799-CAB (OES)

RITA BASTIEN,

Plaintiff,

v.

THE OFFICE OF SENATOR BEN NIGHTHORSE CAMPBELL,

Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1  2006

GREGORY C. LANGHAM
CLERK

---

### Order Denying Motion to Reconsider In Part and
### Modifying Previous Order to Certify It for Immediate Appeal

---

This matter is before the Court on Defendant's Motion for Reconsideration or, in the Alternative, for Certification of the Court's Order for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b), which seeks reconsideration of this Court's Order Denying Defendant's Motion to Dismiss the Amended Complaint filed on December 12, 2005. Plaintiff opposes the motion. After considering the motion, having reviewed the materials on file, and being fully advised in the premises, the Court **FINDS** and **ORDERS** as follows:

### *Background*

Plaintiff Rita Bastien was employed by Defendant, the Office of Senator Ben Nighthorse Campbell, from July 7, 1994, until she was terminated on April 10, 2001. Plaintiff subsequently filed suit against Defendant under the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1302-1438 ("the CAA" or "the Act"), and the Age Discrimination

in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. Her Amended Complaint alleged that Defendant discriminated against her because of her age by treating her less favorably than younger staff members.

Plaintiff's suit was possible because the CAA waived federal sovereign immunity in part and applied the protections of eleven workplace statutes to employees of the federal legislative branch. See 2 U.S.C. § 1302(a)(1)-(11); Bastien v. Office of Senator Ben Nighthorse Campbell, 390 F.3d 1301, 1304 (10th Cir. 2004). The complaint procedure created by the CAA contains several steps. See id. §§ 1361(d)(1); 1401-08. First, the aggrieved employee must take part in counseling and mediation sessions. Id. §§ 1401-03. The next step allows the employee to make an election: she can either file a complaint with the Office of Compliance ("the OOC"), which is an independent office within the legislative branch created to implement the Act, and obtain a hearing before a hearing officer or she may file suit in federal district court. Id. §§ 1401, 1404. If the employee chooses to file a formal complaint with the OOC and receives an unfavorable decision, she can then appeal to the Board of Directors of the OOC and then, if necessary, to the United States Court of Appeals for the Federal Circuit. Id. §§ 1406-07.

Under the Act, whether the employee pursues the administrative appeal or the civil action, the employee may only file a complaint against his or her "employing office." See id. §§ 1405(a) & 1408(b); Bastien, 390 F.3d at 1304. The term "employing office," as it pertains to this case, means "the personal office of a Member of the House of Representatives

or of a Senator . . . ." 2 U.S.C. § 1301(9)(A). A congressional employee may not file a claim against an individual member of Congress. See Bastien, 390 F.3d at 1304. Once a complaint is made, the employing office is represented by either the Office of House Employment Counsel or the Senate Chief Counsel for Employment. See Bastien, 390 F.3d at 1304 (citing 2 U.S.C. § 1408(d); James J. Brudney, Congressional Accountability and Denial: Speech or Debate Clause and Conflict of Interest Challenges to Unionization of Congressional Employees, 36 Harv. J. on Legis. 1, 9 (1999)). Any damages that result from a complaint are paid from OOC's treasury account. 2 U.S.C. § 1415. Thus, a member of Congress cannot be individually liable for damages under the CAA. See Brudney, supra, at 10-11 (noting that the CAA immunizes congressional members from personal liability).

In this case, Plaintiff elected to file suit in federal district court against her employing office, the Office of Senator Ben Nighthorse Campbell, as required by the CAA. At the time that she filed the suit, Senator Campbell was still in office.

On June 27, 2002, this Court dismissed Plaintiff's claims. Bastien v. Office of Campbell, 209 F. Supp. 2d 1095, 1106 (D. Colo. 2002). The Court reasoned that Plaintiff's job responsibilities "were directly related to the due functioning of the legislative process" and, therefore, Defendant's decision to transfer, and later terminate, Plaintiff was "immunized by the protections afforded by the Speech or Debate Clause of the United States Constitution." Id.

In December of 2004, the United States Court of Appeals for the Tenth Circuit

reversed this Court's ruling. Bastien, 390 F.3d at 1319. The Tenth Circuit held that "[a] personnel decision is not a legislative act, as defined by the Supreme Court, and is therefore not entitled to immunity." Id. at 1318 (internal quotations omitted). The Court of Appeals also found that Plaintiff's "discussions with constituents and others were not an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings." Id. at 1319 (citing Gravel v. United States, 408 U.S. 606, 625 (1972)) (internal quotations omitted).

On January 3, 2005, Senator Ben Nighthorse Campbell's term of office expired. Shortly thereafter, and before the Tenth Circuit had filed a mandate in this Court, the Defendant filed a motion before the Court of Appeals requesting that the appeal be dismissed on the grounds of abatement. Essentially, Defendant argued that the case abated when the Senator's term ended as there was no longer a Senate Office for Ben Nighthorse Campbell eligible for suit under the CAA. The Tenth Circuit declined to address the issue of abatement, denied the motion, and issued the mandate. See Bastien v. Office of Senator Ben Nighthorse Campbell, 409 F.3d 1234, 1236 (10th Cir. 2005).

Once the mandate issued, the Defendant filed a motion to dismiss before this Court, arguing that this case abated because the Office of Senator Ben Nighthorse Campbell had ceased to exist on January 3, 2005. This Court denied Defendant's motion to dismiss because although a Congress member's "employing office" was the nominal defendant under the CAA, Congress must ultimately answer for CAA claims. Therefore, the expiration of

Senator Nighthorse Campbell's term of office was irrelevant.

### *Reconsideration of this Court's Interpretation of the CAA*

"Reconsideration may be granted upon 'an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" Grimaldo v. Reno, 189 F.R.D. 617, 618 (D. Colo. 1999) (quoting Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Here, Defendant argues reconsideration is appropriate because this Court committed clear error by ignoring the plain meaning of the statute. The Court disagrees and **FINDS** that it did not commit clear error in its Order Denying Defendant's Motion to Dismiss the Amended Complaint.

### *Certification for Immediate Interlocutory Appeal*

A district judge may certify an order in a civil case for immediate interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A district judge who is of the opinion that the order should be immediately appealable under section 1292(b) must so state in the subject order. Id. If it so chooses, the appropriate Court of Appeals may then take jurisdiction over the appeal if application is made within ten (10) days of the order. Id. However, an "application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." Id.

In this civil case, the abatement question that decided Defendant's motion to dismiss

5

turned upon an interpretation of CAA's "employing office" provisions and the function of those provisions within the overall structure of the CAA. As such, it was a controlling question of law. In addition, it was a novel question that had never been addressed in a published opinion by any other federal court. The Court continues to believe that it appropriately interpreted the CAA and rightly denied Defendant's motion to dismiss, but it acknowledges that there is substantial ground for difference of opinion on this question. Finally, if the Court of Appeals were to hold that this cause of action abated when Senator Nighthorse Campbell left the Senate, the litigation would end without the substantial -- and ultimately fruitless -- expense of further discovery and trial. The Court therefore **FINDS** that the Order Denying Defendant's Motion to Dismiss the Amended Complaint meets the statutory requirements of 28 U.S.C. § 1292(b) for certification for immediate appeal.

Although the abatement question in this case meets the threshold requirements of section 1292(b), questions should not be indiscriminately certified for immediate review because piecemeal appellate review is inefficient and can needlessly prolong litigation. For this reason, and in accord with the decisions of the Tenth Circuit, this Court will only certify a question for interlocutory appeal in exceptional cases where an immediate appeal might avoid protracted litigation that is otherwise unnecessary. See, e.g. Burchett v. Bardahl Oil Co., 470 F.2d 793, 796 (10th Cir. 1972). The Court **FINDS** this case to be exceptional because the scope of the CAA's partial waiver of sovereign immunity is at stake. See McSurely v. McClellan, 697 F.2d 309, 316 n.12 (D.C. Cir. 1982) (noting that the certification

6

procedure authorized by section 1292(b) is "particularly appropriate when claims of immunity are at issue.").

### *Conclusion*

For the reasons stated above, the Court has reconsidered the Order Denying Defendant's Motion to Dismiss the Amended Complaint to the extent that it did not include a certification for appeal. Therefore, it is hereby **ORDERED** that this Court's Order Denying Defendant's Motion to Dismiss the Amended Complaint previously filed on December 12, 2005, is **MODIFIED** to include a certification of that Order for appeal under 28 U.S.C. § 1292(b). It is **FURTHER ORDERED** that said certification is limited to this Court's interpretation of the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1302-1438, and the findings regarding the abatement question and Defendant's motion to dismiss -- the attorney-client privilege issue also decided in that Order is not certified for immediate appeal. It is **FURTHER ORDERED** that the effective date of the modified Order Denying Defendant's Motion to Dismiss the Amended Complaint shall be the same date as the present order is filed.

In all other respects, Defendant's Motion for Reconsideration or, in the Alternative, for Certification of the Court's Order for Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

The Court will not stay the proceedings in this case at this time. The parties may request a stay if the Court of Appeals accepts jurisdiction over any appeals of the modified

Order Denying Defendant's Motion to Dismiss the Amended Complaint.

Dated this 12th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE
SITTING BY DESIGNATION