IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 01-cv-00799-PSF-MEH

RITA BASTIEN,

    Plaintiff,

v.

THE OFFICE OF SENATOR BEN NIGHTHORSE CAMPBELL,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO STAY PROCEEDINGS

This matter comes before the Court on defendant's Amended Motion to Stay Proceedings (Dkt. # 124), filed February 15, 2007, and plaintiff's response to the motion (Dkt. # 126), filed February 23, 2007.

Defendant requests the Court to stay all proceedings pending in this case pending a decision by the United States Supreme Court in a case captioned *Office of Senator Mark Dayton v. Hanson*, No. 06-618, which defendant asserts will be heard on oral argument before the Supreme Court on April 24, 2007. Defendant argues that a stay pending the decision of the Supreme Court is appropriate because the *Dayton* case may resolve two legal issues present in this case: whether the Speech and Debate Clause of the United States Constitution bars employment lawsuits brought by congressional staffers such as plaintiff here, and whether such a case is in any event rendered moot and abated as a result of the expiration of the term of office of the senator (Motion at 1, 5-7).

Plaintiff opposes the stay on the grounds that the *Dayton* appeal is not likely to succeed on the merits in the Supreme Court (Plaintiff's Response at 2-3), and because the Tenth Circuit has already decided in the instant case that Senator Campbell's rights under the Speech and Debate clause can be protected during discovery or at trial through limiting rulings of this Court (*id.* at 4-5).  In addition, plaintiff quite correctly points out that her efforts to litigate her employment claims in this case have already been delayed six years while Senator Campbell has argued these issues.  For the reasons set forth below, the Court denies, in part, the stay of proceedings.

First, the Court reiterates its already expressed concern over the length of time this case has been pending without resolution, filed as it was on April 30, 2001.  At the status conference held before the Court on January 19, 2007, the Court expressed that concern to the parties, set the case for trial and for a final trial preparation conference, and directed a scheduling order be submitted no later than January 29, 2007.  In the written order setting the trial the Court emphasized that "[t]here will be no extensions of the October 1, 2007 trial date, absent extraordinary circumstances."  (Dkt. # 118). Although the parties submitted a proposed scheduling order on January 31, 2007, within a few days thereafter defendant moved the Court to enter the stay of proceedings (*see* Defendant's Motion for Stay filed February 7, 2007 (Dkt. # 121)).

Second, while the Court is not unsympathetic to the importance of the constitutional issues raised in the *Dayton* appeal, the Court notes that the defendant here has presented those very same issues without success to the Tenth Circuit and has unsuccessfully sought review in the Supreme Court.  With respect to the application of the Speech and Debate Clause, the Tenth Circuit ruled in *Bastien v. Office of Senator*

2

*Ben Nighthorse Campbell*, 390 F.3d 1301 (10th Cir. 2004) that the Speech and Debate Clause did not preclude plaintiff's action. Subsequently, defendant sought to vacate that appellate judgment on the ground that the litigation abated when Senator Campbell's term ended, and that request was denied by the Tenth Circuit on May 31, 2005, *Bastien v. Office of Senator Ben Nighthorse Campbell*, 409 F.3d 1234 (10th Cir. 2005). On October 3, 2005, the Supreme Court denied the *certiorari* petition filed before it to address that issue. *Office of Senator Ben Nighthorse Campbell v. Bastien*, 126 S.Ct. 396 (2005).

After the case was remanded to the district court the defendant moved to dismiss the case on the grounds that plaintiff's claim was abated by the expiration of the Senator's term of office and the district court denied the motion. *Bastien v. Office of Senator Ben Nighthorse Campbell*, 2005 WL 3334359 (D. Colo., Dec. 5, 2005). On June 28, 2006, the Tenth Circuit dismissed defendant's appeal of that order on the grounds that it was not a final appealable order. *Bastien v. Office of Senator Ben Nighthorse Campbell*, 454 F.3d 1072 (10th Cir. 2006). On January 8, 2007, the Supreme Court again denied *certiorari* in the case, *Office of Senator Ben Nighthorse Campbell v. Bastien*, 127 S.Ct. 975 (2007).

Third, the outcome of the *Dayton* case before the Supreme Court is not certain, and the Supreme Court may very well rule consistent with the substantive holdings entered in this case by the Tenth Circuit. If that occurs, then the stay will have achieved nothing other than to further delay plaintiff's case. If the Supreme Court in the next few months finds in favor of the senator's office in *Dayton*, and the ruling is such that it would preclude the claims here, then the defendant can seek to have those rulings

applied in advance of trial. The only loss would be the effort and expense of discovery, but that is apparently a risk the plaintiff is willing to take. There is no indication in the record that if a trial proves unnecessary based on a possible Supreme Court ruling in *Dayton*, such discovery would be onerous or materially prejudicial to defendant.

Finally, if this were a situation where the only event to be stayed was the trial itself, that is, discovery were complete and the only remaining litigation activity was the actual trial, the Court might be more inclined to postpone the trial to determine whether one should be held based on any determination or analysis in *Dayton*. But here that is far from being the case. As the parties advised the Court in January, they have inexplicably not even begun to take discovery in this six-year old action. To this Court, any further delay of pretrial proceedings is simply not justified by the possibility that the *Dayton* outcome will short circuit this case.

Accordingly, the Motion to Stay Proceedings (Dkt. # 124) is DENIED with the following exception. Under the circumstances and given a possible trial scheduled for October 1, 2007, former Senator Campbell need not be deposed until after a decision has been rendered by the Supreme Court in *Dayton* that effectively allows this case to proceed, or until the Supreme Court adjourns for this term without ruling in *Dayton*, whichever occurs first. The parties are further directed to comply with the scheduling order entered on this same date.

DATED: February 28, 2007          BY THE COURT:

                                  *s/ Phillip S. Figa*
                                  _____
                                  Phillip S. Figa
                                  United States District Judge

4